United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACE ABRAHAM CARTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 6:05-CR-90-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Horace Carter appeals his jury conviction of, and sentence for, distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He argues that the district court abused its discretion in admitting evidence of his two uncharged sales of cocaine base and failed to conduct an on-the-record balancing test under FED. R. EVID. 403 as he had requested. The evi-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dence of Carter's two uncharged drug sales was admissible under FED. R. EVID. 404(b) for the purpose of establishing his intent to commit the charged offense. See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). A review of the circumstances surrounding the uncharged offenses indicates that the probative value of the evidence substantially outweighed the prejudicial effect. See United States v. Chavez, 119 F.3d 342, 346-47 (5th Cir. 1997); see also United States v. Peters, 283 F.3d 300, 312-13 (5th Cir. 2002). Any prejudice was minimized by the limiting jury instruction. See United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). Carter has not shown that the district court abused its discretion in admitting the evidence of two uncharged drug sales. See United States v. Hicks, 389 F.3d 514, 522 (5th Cir. 2004), cert. denied, 126 S. Ct. 1022 (2006).

Although the court did not conduct an on-the-record balancing test under rule 403 as Carter had requested, remand is not necessary if the factors on which the probative value/prejudice evaluation were made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling. See United States v. Fox, 69 F.3d 15, 20 (5th Cir. 1995). The factors on which the probative value/prejudice evaluation was made are apparent from the arguments at the hearing on Carter's motion in limine. See id.

Carter contends that the district court erred in determining that there was sufficient evidence to find that 31.18 grams of

cocaine base was relevant conduct for purposes of U.S.S.G. § 1B1.3. The evidence presented at the sentencing hearing established by a preponderance of the evidence that Carter dropped the bag containing 31.18 grams of cocaine base in the open field about two feet from the driver's side of his vehicle when the police officer approached. Carter has not shown that the court clearly erred. <u>See United States v. Bryant</u>, 991 F.2d 171, 177 (5th Cir. 1993).

AFFIRMED.